IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAM BHAROSE,

     Plaintiff,                    No. MISC S-04-0305 WBS JFM PS

    vs.

UNITED STATES OF AMERICA, et al.,

     Defendants.           <u>ORDER</u>

_____/

        This action was referred to the undersigned pursuant to Local Rule 72-302(c)(21). Pursuant to Federal Rule of Civil Procedure 4(m), the court may dismiss an action where service of summons is not made within 120 days after the filing of the complaint. On October 1, 2004, plaintiff filed a complaint to quash summons and for damages. Plaintiff paid the filing fee and summons were issued.[1]

        On April 14, 2005, over six months after the complaint was filed, defendant United States filed a motion to dismiss under Fed. R. Civ. P. 4(m). Plaintiff failed to file a timely opposition, and on May 9, 2005, plaintiff was ordered to show cause why defendant's motion to dismiss should not be granted. On May 10, 2005, plaintiff filed an opposition to

---

[1] Although the docket sheet does not reflect that summons were issued, plaintiff appended a copy of summons issued on October 1, 2004 to his May 19, 2005 reply. (<u>Id.</u> at 4.)

1

defendant's motion to dismiss. On May 19, 2005, plaintiff filed a reply to the order to show cause.[2]

Plaintiff has provided a Return of Service attesting to personal service on the United States of America by personally delivering summons and complaint to 4330 Watt Avenue, Sacramento, California 95821. (Pl.'s May 10, 2005 Opp'n at 6.) Plaintiff also mailed and faxed the summons and complaint to the same address. (Id.) Plaintiff stated that he asked Andrew Harison, an Internal Revenue Service ("IRS") agent, how to serve the instant petition. Plaintiff stated that Mr. Harison "replied that the Petition should be served at 4330 Watt Avenue, Sacramento, California." (Id. at 2.) Mr. Harison further informed plaintiff that the Watt Avenue location had the legal department of the IRS. (Id.)

Federal Rule of Civil Procedure 4(i) clearly sets forth the procedure required to effect service of process on the United States, its agencies and employees. Although plaintiff accomplished one prong of that process by serving the Internal Revenue Service, he was also required to deliver a copy of the summons and complaint on the United States Attorney (Fed. R. Civ. P. 4(i)(1)(A)) and to send a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States (Fed. R. Civ. P. 4(i)(1)(B)).

Plaintiff's reliance on Mr. Harison's response is unavailing. "Courts within the Ninth Circuit consistently have rejected application of the doctrine of equitable estoppel against the IRS. Danoff v. United States, 324 F.Supp. 23 1086, 1101-02 (C.D. Cal. 2004)(citations omitted). Plaintiff made no attempt to confirm Mr. Harison's statements and thus assumed the risk that the IRS employee might provide misinformation. Danoff, 324 F.Supp. at 1102 (citation omitted). In addition, Mr. Harison's answer was appropriate to accomplish service on the IRS.

---

[2] On May 27, 2005, plaintiff filed a document entitled "Opposition to United States' Response to Plaintiff's Opposition to Motion to Dismiss." However, the local rules provide that briefing on a motion consists of the motion, an opposition, and a reply. The court has not ordered plaintiff to reply to defendant's opposition and declines to make such an order. Plaintiff's May 27, 2005 filing will be placed in the court file and disregarded.

1  However, the court may, in its discretion, extend the time for service of process
2  "even without a showing of good cause." <u>United States v. 2,164 Watches, More or Less, Bearing</u>
3  <u>a Registered Trademark of Guess?, Inc.</u>, 366 F.3d 767, 772 (9th Cir. 2004)(citations omitted).
4  See also Fed. R. Civ. P. 4(m) advisory committee's note (1993 amendments) (Rule 4(m)
5  "explicitly provides that the court shall allow additional time if there is good cause" . . . and
6  authorizes the court to relieve such failure "even if there is no good cause shown. . ."). Thus,
7  plaintiff will be provided one final opportunity to accomplish service of process on defendant.
8  Plaintiff is cautioned that failure to effect service and file the requisite return of service with the
9  court within the time specified will result in a recommendation that this action be dismissed. No
10 further extensions of time will be granted.

11  Accordingly, IT IS HEREBY ORDERED that:

12  1. Defendant's April 14, 2005 motion to dismiss be denied without prejudice; and

13  2. Within thirty days from the date of this order, plaintiff shall effect service of
14 process on defendant, as required by Fed. R. Civ. P. 4(i), and file the appropriately completed
15 return of service with the court.

16 DATED: June 3, 2005.

UNITED STATES MAGISTRATE JUDGE

20 001
21 bharose4m.ext