IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RAM BHAROSE, | | |
| | Petitioner, | No. MISC S-04-0305 WBS JFM PS |
| vs. | | |
| UNITED STATES OF AMERICA, et al., | | |
| | Respondents. | FINDINGS & RECOMMENDATIONS |

_____/

This action was referred to the undersigned pursuant to Local Rule 72-302(c)(21). Respondent United States' July 5, 2005 motion to dismiss for lack of subject matter jurisdiction came on regularly for hearing August 25, 2005. Petitioner appeared telephonically, in propria person. Henry C. Darmstadter, Trial Attorney, Tax Division, telephonically appeared for respondent United States. Upon review of the motion and the documents in support and opposition, upon hearing the arguments of petitioner and counsel and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

On October 1, 2004, petitioner filed a petition to quash Internal Revenue Service ("IRS") summons issued to a financial institution seeking certain bank records related to petitioner's tax liabilities for the years 2001 - 2004. Petitioner argues that the summons "illegally" requests these records and, if released, would "become the source of blackmail" to the

1

petitioner. (Petition at 3.) Petitioner contends that the IRS conspired with Stephen Lipworth, who allegedly has threatened petitioner with criminal prosecution unless petitioner gives Lipworth money and property. (Petition at 3.)

Petitioner seeks to quash the IRS summons and asks for an injunction barring the IRS from issuing any future summons. Petitioner also seeks monetary damages.

Petitioner has now complied with the service of process provisions of Fed. R. Civ. P. 4(i)(1)(A) & (B). (See Return of Service, filed July 12, 2005.)

Respondent United States has moved to dismiss this action based on petitioner's failure to comply with Internal Revenue Code § 7609(b)(2)(B). Respondent argues that because the United States has not waived its sovereign immunity, the court lacks subject matter jurisdiction over this action.

In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that petitioner can prove no set of facts in support of the claim that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

The procedure for filing a petition to quash summons of the Internal Revenue Service to third parties is clearly set forth in 26 U.S.C. § 7609(b)(2):

(2) Proceeding to quash.--

/////

> (A) In general.--Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2). In any such proceeding, the Secretary may seek to compel compliance with the summons.
>
> (B) Requirement of notice to person summoned and to Secretary.--If any person begins a proceeding under subparagraph (A) with respect to any summons, not later than the close of the 20-day period referred to in subparagraph (A) such person shall mail by registered or certified mail a copy of the petition to the person summoned and to such office as the Secretary may direct in the notice referred to in subsection (a)(1).

Id.

Thus, in order to begin a proceeding to quash the summons herein, petitioner was required to give notice by sending, by registered or certified mail, his petition to the person summoned (the financial institution) and to the office referenced in the notice, the IRS, at 4330 Watt Avenue, Ste. 205, Sacramento, California.  26 U.S.C. § 7609(b)(2)(B).  The petition must have been mailed within the twenty day period following the September 13, 2004 date of the summons; petitioner's deadline ran on October 4, 2004.

The record is undisputed that petitioner did not comply with § 7609(b)(2)(B). Petitioner's initial Return of Service form reflects he personally served, mailed and faxed a copy of the petition to the IRS at 4330 Watt Avenue, Sacramento, California, on October 8, 2004. (Attachment to Pet.'s May 10, 2005 Opp'n.)  This did not comply with § 7609(b)(2)(B) because it was not done within the 20 day time frame and it was not accomplished by certified or registered mail.  In addition, petitioner did not comply with § 7609(b)(2)(B) because he failed to send, by certified or registered mail, a copy of his petition to the summoned financial institution on or before October 4, 2004.

/////

/////

/////

3

It is well settled that the United States, as a sovereign, may not be sued without its consent, and that the terms of its consent define the court's jurisdiction. United States v. Testan, 424 U.S. 392, 399 (1976) (citing United States v. Sherwood, 312 U.S. 584, 586 (1941)).[1] Where the United States has not consented to suit, the court lacks jurisdiction over the subject matter of the action and dismissal is required. Hutchinson v. United States, 677 F.2d 1322, 1327 (9th Cir.1982) (citations omitted).

> Strict compliance with the terms of § 7609(b)(2) is jurisdictional because the United States is consenting to waive its sovereign immunity from suit in the area of issuance of third party IRS summonses. Strict construction of statutes that waive sovereign immunity extends to the statutory time limitations contained therein.

Yocum v. United States, 586 F.Supp. 317, 318-19 (N.D. Ind. 1984) (failure to send to both the summoned party and the IRS, by either registered or certified mail, a copy of the petition, required dismissal of the petition); Riggs v. United States, 575 F.Supp. 738, 741, 742 (N.D.Ill.1983) ("Section 7609(b)(2) establishes a jurisdictional requirement, for it imposes a limit on suing the sovereign.")

This court must grant respondent's motion and dismiss this petition to quash summons. Section 7609(b)(2)(B) requires that copies of the petition to quash must be sent, either by registered or certified mail, by petitioner to both the summoned party and the Internal Revenue Service, within 20 days. Petitioner did not comply. The petition must be dismissed for lack of subject matter jurisdiction. Yocum, 586 F.Supp. at 319; Accord McTaggert v. United States, 570 F.Supp. 547, 551 (E.D.Mi.1983) (failure to comply with § 7609(b)(2)(B) results in dismissal of petition).

Although petitioner argues that respondent has provided no affidavit or

---

[1] The doctrine of sovereign immunity bars both equitable and legal remedies against the United States, unless the United States has consented to suit. See e.g. Midwest Growers Co-op. Corp. v. Kirkemo, 533 F.2d 455, 465 (9th Cir.1976) (declining to grant injunction against United States and its agencies because of doctrine of sovereign immunity).

4

declaration stating that the IRS and financial institution were not served as required, the burden is on the taxpayer to find and prove an "explicit waiver of sovereign immunity." <u>Lonsdale v. United States</u>, 919 F.2d 1440, 1444 (10th Cir.1990).  It was petitioner's obligation to determine how to accomplish service of his petition to quash and to file evidence of his certified or registered mail receipts demonstrating compliance with 26 U.S.C. § 7609(b)(2)(B).  Failure to provide statutory notice even where summoned party or IRS had actual notice of the commencement of the action within the 20 day period requires dismissal.  <u>See</u> <u>Fogelson v. United States</u>, 479 F.Supp. 573 (D.C. Kan. 1983).  Here, petitioner failed to notify the summoned party as well as exceeded the statutory 20 day deadline.

Finally, as noted in this court's June 6, 2005 order, petitioner's reliance on Mr. Harison's response is unavailing.  "Courts within the Ninth Circuit consistently have rejected application of the doctrine of equitable estoppel against the IRS.  <u>Danoff v. United States</u>, 324 F.Supp. 23 1086, 1101-02 (C.D. Cal. 2004)(citations omitted).  Petitioner made no attempt to confirm Mr. Harison's statements and thus assumed the risk that the IRS employee might provide misinformation.  <u>Danoff</u>, 324 F.Supp. at 1102 (citation omitted).

Accordingly, IT IS HEREBY RECOMMENDED that respondent's July 5, 2005 motion to dismiss for lack of subject matter jurisdiction be granted and this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file
/////
/////
/////

Case 2:04-mc-00305-WBS-JFM   Document 15   Filed 08/26/05   Page 6 of 6

1  objections within the specified time may waive the right to appeal the District Court's order.

2  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3  DATED: August 26, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

001
bharose.mtd

6